G. A. P. BOWMAN v. FIDELITY TRUST AND DEVELOPMENT COMPANY ET AL.

(Filed 5 April, 1922.)

1. **Trials—Arguments of Counsel—Court's Discretion—Appeal and Error.**

    Where the defendant admits the contract sued on, and relies upon its cancellation by the mutual agreement of the parties, the burden is on him to show such matter of defense, and each one having introduced evidence, the judgment of the trial court in allowing him to conclude is within his discretion under the rule, and not reviewable on appeal.

2. **Instructions—Contracts—Defenses—Cancellation—Appeal and Error.**

    Where there is conflicting evidence as to whether the contract sued on had been canceled by the parties, and the answer to this issue is controlling, it is not reversible error for the court to omit to state all the contentions of the parties or to charge as to the law on every possible phase of the evidence, unless in apt time so requested to do under the rules: *Held,* in this case a request of plaintiff to answer the issue "No" if the defendant had breached his contract on or before a certain date was properly refused.

STACY, J., took no part in the consideration and decision of this case.

APPEAL by plaintiff from *Kerr, J.,* at May Term, 1921, of NEW HANOVER.

This was an action to recover $3,675 for alleged breach of contract. The execution of the contract was admitted by the defendant, but alleging that it had been mutually canceled and released about 1 June, 1912, in consideration of a cancellation and discharge of an indebtedness of about $800, which was then due by the plaintiff to the defendant. The plaintiff denied there was any mutual cancellation of the contract, and contended that he was wrongfully discharged by the defendant. The case was in this Court on a former appeal, 170 N. C., 302. The jury, in response to the issues, found that the contract described in the complaint had been made, but that the parties to said contract thereafter mutually canceled and annulled the same, and that the plaintiff had sustained no damages. Appeal by plaintiff.

*Wright & Stevens for plaintiff.*
*John D. Bellamy & Sons and C. D. Weeks for defendants.*

CLARK, C. J. The plaintiff tendered no issue and made no exceptions to those submitted by the court, which, besides, were those properly arising upon the pleadings. The plaintiff contended, however, that the court erred in giving to the defendant the opening and conclusion of the argument, but the defendant having admitted the first issue as to the execution of the contract described in the pleading, the burden of the second, namely, the allegation of the cancellation of the contract, rested with the defendant and the court allowed the defendant to open and conclude. This was a matter entirely in the discretion of the judge. Rule 6 of the Rules of Practice in the Superior Court, prescribed by this Court, provides, 174 N. C., 848: "In any case where a question shall arise as to whether the counsel for the plaintiff or the defendant shall have the reply and the conclusion of the argument the court shall decide who is so entitled and except in the cases mentioned in Rule 3 (*i. e.,* when no evidence is introduced by the defendant), its decision shall be final and not reviewable."

Besides, the court properly charged that the burden was upon the defendant to establish by the evidence that there had been a mutual cancellation of the contract, and also to show that the plaintiff did or could, by reasonable effort and diligence, have reduced the amount of his loss. The third issue as to the measure of damages was immaterial if no error was committed as relates to the second issue. The rulings of the court as to the admission and rejection of evidence was proper.

The plaintiff abandoned all exceptions for refusal of the judge to charge as prayed except one: "If the defendant had breached the contract on or before 14 June, 1912, you will answer the second issue 'No.'" The court properly refused this prayer, except so far as he instructed

the jury in the general charge, an examination of which shows that the law bearing on the evidence and issues was clearly and sufficiently stated.

It is not incumbent upon the court to present every contention of the various parties, nor to charge as to the law in every possible phase of the evidence. If counsel for the plaintiff had desired more specific instructions on any point involved, he should have so requested. The trial was principally, if not entirely, upon the evidence, and the result depended almost entirely upon the second issue as to the cancellation of the contract in regard to which the court charged the jury that the defendant having admitted the execution of the contract and pleaded the mutual cancellation of it, then the burden was upon it to show by the greater weight of the evidence that the contract was actually canceled and annulled, and further charged as to the third issue: "As to how much the contract price has been diminished and how little the plaintiff has been damaged, the burden is upon the defendant company."

Upon full consideration of all the matters presented for our consideration, we find

No error.

STACY, J., took no part in the consideration and decision of this case.